IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenya Williams-Mix, Adrieana Powell, Shalayla Liddell, Jada Adams, Breona Smith and Princess Wellington | ) ) ) ) ) | 18 CV 7460 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **CSWS, L.L.C.** d/b/a **OCEAN GENTLEMEN'S CLUB, DEBORAH DIAZ** and **SEIF EL SHARIF**, | ) ) ) ) ) | **JURY TRIAL DEMANDED ON ALL COUNTS** |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiffs, Kenya Williams-Mix, Adrieana Powell, Shalayla Liddell, Jada Adams, Breona Smith And Princess Wellington, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and common law claims and brings this cause of action against Defendant CSWS, L.L.C. d/b/a OCEAN GENTLEMEN'S CLUB, DEBORAH DIAZ, and SEIF EL SHARIF, and in so doing states the following:

### NATURE OF THE ACTION

1. Plaintiffs allege individually that they, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus did not pay Plaintiffs, minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws.

2. Plaintiffs also allege that Defendants violated their Agreement, (under IWPCA and/or Common Law) that Plaintiffs tips were theirs and not subject to Defendants seizure and/or deductions.

3. Plaintiffs were female exotic dancers who worked for Defendant at its Bedford Park Illinois location during the relevant time period, and who was denied their clearly-established rights under applicable federal and state statutes.

4. As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiffs, including minimum and overtime wages as required by the FLSA and IMWL.

**JURISDICTION AND VENUE**

5. Plaintiffs seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

6. Plaintiffs seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

7. This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action

would be expected to be tried with the federal claims in a single judicial proceeding.

8. This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

9. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**PARTIES**
**A. Plaintiffs**

10. Kenya Williams-Mix, Adrieana Powell, Shalayla Liddell, Jada Adams, Breona Smith And Princess Wellington (hereinafter "Plaintiffs") are residents of Illinois. Plaintiffs worked as dancers at Defendant's place of business located in Bedford Park in the State of Illinois.

11. Plaintiffs worked typically worked five-six nights per week, averaging no less than forty hours per week that she worked, often working overtime each week.

12. At all times relevant to this Complaint, Plaintiffs was intentionally and improperly classified by Defendant as an independent contractors, but in reality they were employees of Defendants subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act and the Illinois Wage Payment and Collection Act.

**B. Defendant CSWS, L.L.C.** d/b/a **OCEAN GENTLEMEN'S**

13. Defendant **CSWS, L.L.C.** d/b/a **OCEAN GENTLEMEN'S**., is an Illinois limited liability corporation and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Act, IWML, for all relevant time periods.

14. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official "books" of Defendant might tend to support.

15. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

16. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

17. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

18. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the 29 U.S.C. §201, erseq.

19. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Illinois Minimum Wage Act, A.C.A. § 11-4-201, *et seq.*

20. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under common law theories of unjust enrichment.

21. No exemptions or exceptions to the application of the FLSA or IWML apply to Plaintiffs.

## **STATEMENT OF FACTS**

22. Defendants' intentionally misclassified its exotic dancers as independent contractors, when legally they are employees.

23. The Defendants exercised extensive control over the Plaintiffs, in the manner in which the Plaintiffs performed their jobs and conduct themselves while on the club's premises, including where to be on the premises and when, what they are allowed to wear, requiring certain types of clothing such as wearing of dresses, when to wear dresses and when to take those dresses off, how much they can receive for private dances and sessions, and how they can interact with customers. Defendants set minimum work schedules, during the week and weekends, set hours of work. Plaintiffs are not allowed to carry a phone with them on the floor; and Plaintiffs must receive permission from management to leave the premises, and often the Defendants "lock-in" the Plaintiffs preventing them from leaving. The dancers have no control over the customer volume, advertising, or atmosphere at the club, which is controlled entirely by Defendants.

24. Defendants retain the power to hire and fire the Plaintiff and have disciplined or threatened to discipline Plaintiffs who do not comply with Defendants' requirements, rules and practices regarding the manner and means of their work.

25. At all relevant times, the Plaintiffs have not held themselves out to be in business for themselves. Instead, the dancers are economically

dependent on the relationship with Defendants for a substantial portion of their earnings.

26. In addition, the Defendant corporation is in the business of providing adult entertainment to its patrons. Thus, the dancers clearly perform services in the usual course of Defendants' business, and without the dancers, the Defendants would have no business, such that the dancers' work is integral to Defendants' business

### DEFENDANT ALSO VIOLATES THE IWPCA AND STATE COMMON LAW VIA THEFT OF TIPS AND COMPELLED PAYMENTS TAKEN FROM TIPS IN PART OR IN WHOLE

27. Tips are also owed to the Plaintiffs, this is due to a number of facts, including downright theft of tips, compelled payments which effectively reduce Plaintiffs tips paid to management such as the payment of "house fees", "late fees", "exchange fees" and "credit card service fees" these compelled payments are not allowed to reduce Plaintiffs'.

28. The Plaintiffs' did not consent to these payments, rather were compelled to make these payments.

### FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA

29. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

30. Defendant intentionally failed to pay Plaintiffs wages, in whole or in part.

31. Defendant required Plaintiffs to pay for the right to work and took other deductions from her tips, in violation of the FLSA as alleged in detail

herein and elsewhere in the complaint.

32. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

33. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

34. Plaintiffs repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

35. Defendant intentionally failed to pay Plaintiffs wages, , in whole or in part.

36. Defendant required Plaintiffs to pay for the right to work and took other deductions from her tips, in violation of the IMWL.

37. Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

38. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT/QUANTUM MERUIT

91. Plaintiffs hereby re-alleges and incorporates by reference the preceding

paragraphs as if they were set forth again herein.

92. All of the time spent by Plaintiffs in the performance of their duties as dancers for Defendant was for the sole benefit of Defendant.

93. Defendant had full knowledge of all duties performed by Plaintiffs because it is Defendant that owned and operated the private club where Plaintiffs worked and implemented all policies and procedures Plaintiffs was subject to.

94. Despite its knowledge, Defendant chose to accept the benefits of Plaintiffs' uncompensated and undercompensated labor for itself.

95. By unjustly receiving the value of Plaintiffs labor without providing proper compensation therefore, Defendant obtained substantial benefits and was unjustly enriched at the expense of Plaintiffs.

96. By unlawfully demanding and retaining Plaintiffs gratuities and wages, Defendant obtained a substantial benefit and was unjustly enriched. Such conduct was detrimental to Plaintiffs.

97. Defendant's conduct was willful and not the result of mistake or inadvertence.

98. It would be inequitable for Defendant to retain the benefits received.

99. As a direct result of Defendant's unlawful, unjust and inequitable conduct, Plaintiffs suffered injury, incurred damages and financial loss in an amount to be determined at trial.

100. Accordingly, Plaintiffs seeks appropriate relief against Defendant including damages, restitution, a refund of all tips paid to Defendant and other employees of Defendant, prejudgment interest, attorneys' fees and costs and all other relief that the Court deems just and appropriate.

## FOURTH CLAIM
### Individual Claims Against Defendants
### Under Illinois Wage Payment and Collection Act "IWPCA"

101. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

102. Plaintiffs were employed by Defendants.

103. It is and was at all relevant times, a policy of Defendant to take, without Agreement, Plaintiffs' tips.

104. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

105. This cause of action arises out of employment contracts or agreements; written and/or oral. Plaintiffs were offered an IWPCA agreement in writing which reads in part "

106. The named Plaintiffs were employed by Defendant.

107. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

108. Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

109. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

110. Plaintiffs were not an independent contractors, rather were employees of the Defendant by oral agreement and/or written contract.

111. Plaintiffs employment were in the usual course of business for which such service is performed.

112. Plaintiffs do not possess a proprietary interest in the Defendant.

113. The Defendant is an "employer" under the terms of the IWPCA section

114. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

115. Individual Defendants are named as an employers, as they knowingly permitted violations of the IWPCA.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, individually and on behalf of others similarly situated, respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A) For an order of this Honorable Court entering judgment in Plaintiffs' favor against each Defendant, jointly and severally;

(B) That the Court award Plaintiffs' their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages, in addition to wages equal to the amount they were required to give Defendant and other employees as "dance fees" and "DJ fees" and "house" and/or "floor fees," any and all other diversions or exactions of gratuities;

10

 (C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, <u>et sea</u>., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Act,

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 et sea.:

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' and all other similarly situated employees may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

**Respectfully Submitted by __/S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

David Fish
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

dfish@fishlawfirm.com


**Dated: November 9, 2015**